AO 106 (Rev. 01/09) Application for a Search Warrant

CLERK'S OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED
OCT 28 2019
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
for the
Western District of Virginia

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )   Case No. 1:19mj148
14390 Heather Drive )
Bristol, VA )
)
)

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that there is now concealed on the following person or property located in the _____Western_____ District of _____Virginia_____ *(identify the person or describe property to be searched and give its location):* 14390 Heather Drive, Bristol, VA - to include the residence, curtilage, garages, outbuildings, campers, persons present, vehicles present, and vehicles in the immediate vicinity of the residence (provided the operators of or keys to said vehicles are present on the premises). Attachment A consists of a photograph of the residence.

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized):* See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of __21__ U.S.C. § __846/841(a)(1)__ , and the application is based on these facts: See Attachment C       and/or   841(a)(1)

☑ Continued on the attached sheet.

☐ Delayed notice of ____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Brian Snedeker, Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 10/28/19

*Judge's signature*

City and state: Abingdon, Virginia

Pamela Meade Sargent, USMJ
*Printed name and title*

# ATTACHMENT A



14390 Heather Drive, Bristol, VA

ATTACHMENT B

1. Methamphetamine, methamphetamine distribution paraphernalia including (but not limited to) scales, cutting material, plastic baggies, wrapping material; electronic communication devices (such as cellular telephones) that are used to communicate with other drug traffickers/co-conspirators; electronic equipment used for counter-surveillance to include video surveillance systems and related DVRs (digital video recorders), scanners, and anti-bugging devices.

2. Firearms, including but not limited to handguns, rifles, and shotguns that are commonly used by individuals to protect controlled substances and related drug proceeds/assets. Firearms, oftentimes stolen, are also routinely bartered in exchange for controlled substances.

3. Books, records, ledgers, notes, and videos pertaining to the illicit distribution, purchasing, and transporting of methamphetamine.

4. Messages, letters, telephone numbers, and addresses relating to customers, suppliers, and other co-conspirators involved with the illicit distribution, purchasing, and transporting of methamphetamine. These messages, letters, telephone numbers, and addresses may be written on personal calendars, personal address and /or telephone books, Rolodex type indices, notebooks, loose pieces of paper, and found in mail.

5. Photographs and videos depicting methamphetamine, drug distribution paraphernalia, substantial assets, co-conspirators, and persons with methamphetamine,

6. Books, ledgers, receipts, bank statements, cashier's checks, and other items evidencing the acquisition, secreting, transferring and/or concealment of assets or the expenditure of narcotics proceeds.

7. Items or articles of personal property tending to show ownership, dominion, or control of the premises/property/vehicles. Such items or articles include (but are not limited to) personal identification, personal correspondence, diaries, checkbooks, notes, photographs, keys, receipts, mail, personal telephone and address books, videos, and motor vehicle related documents (titles/registrations).

8. Large amounts of currency (exceeding $1000.00) or readily transported assets which are used as cash equivalents (cashier's checks, prepaid money/credit cards, money orders etc.)

9. Items listed in Paragraphs 3 through 7 may be stored in digital media. Therefore, digital media (including but not limited to computers/computer hard drives, digital video recorders (DVRs), floppy disks, CD's, flash/jump drives, personal digital assistants (PDA's), cellular telephones/smartphones, digital cameras, iPODs, iPADs, etc.) are to be seized and examined for the items listed in Paragraphs 3 through 7.

ATTACHMENT C

AFFIDAVIT of
Special Agent Brian Snedeker
Drug Enforcement Administration
Bristol, Virginia

1. I, Special Agent Brian Snedeker, being duly sworn hereby depose and say:

2. The purpose of this application and affidavit is to secure a search warrant for the premises known as 14390 Heather Drive, Bristol, VA. This affiant, after obtaining and reviewing information, believes there is evidence of distribution of methamphetamine and/or conspiracy to distribute methamphetamine in violation of 21 USC 841(a)(1) and 846/841(a)(1) at 14390 Heather Drive, Bristol, VA.

3. I am a Special Agent with the Drug Enforcement Administration (DEA) and have been so employed for approximately (28) years. During my employment I have received comprehensive classroom training from the Drug Enforcement Administration in specialized narcotic investigative matters including but not limited to drug interdiction, drug detection, money laundering techniques and schemes, smuggling, and the investigation of individuals and organizations involving the smuggling, cultivation, manufacturing, and illicit trafficking of controlled substances and controlled substance precursors. I have participated in the investigations and subsequent arrests of hundreds of individuals involved with the trafficking of methamphetamine (a Schedule II Controlled Substance). I have also executed hundreds of search warrants related to the trafficking and manufacturing of methamphetamine.

4. The facts set forth in this affidavit are known to me as a result of my participation in the investigation of Griffen Ferguson and information provided to me by other law enforcement officers, probation officers, and information provided to me and/or other law enforcement officers by admitted methamphetamine traffickers and/or users and/or confidential sources. Any reference to the gender of any unnamed persons within this affidavit does not necessarily reflect the true gender of said persons.

5. During September 2019, a confidential source (hereafter referred to as "CS") advised law enforcement that Griffen Ferguson was a methamphetamine source of supply in the Sullivan County, TN area. The CS has provided information (names, addresses/locations) related to Griffen Ferguson's associates/suppliers that has been verified by multiple law enforcement agencies. The CS also advised law enforcement that Griffen Ferguson's mother had been arrested in Georgia. Law enforcement was able to verify the arrest and discovered that Ferguson's mother (a resident of Sullivan County, TN) had been arrested on multiple charges including possession with intent to distribute methamphetamine and other drugs after she was apprehended during early September 2019 with approximately (7½) kilograms of methamphetamine.

6. On October 11, 2019, Nicklous Corn and Dante Myles were arrested in Johnson City, TN after they were found to be in possession of various drugs including

approximately (3+) kilograms of methamphetamine. A subsequent review by law enforcement of the cellular telephone activity between Corn's known cellular telephone number and the cellular telephone number currently utilized by Griffen Ferguson revealed that from 09/10/2019 – 10/09/2019 there were (374) contacts/attempted contacts between the two phones.

7. During the last ten days, an individual (hereafter referred to as "Trafficker A") was arrested within the Western District of Virginia after law enforcement encountered Trafficker A in possession of methamphetamine, digital scales, and approximately $500 USC. Trafficker A admitted being a methamphetamine trafficker who sells methamphetamine by the ounce and purchases methamphetamine by multi-ounces. Trafficker A claimed that one of her multi-ounce methamphetamine sources of supply was an individual named "Griffen". Trafficker A claimed that "Griffen" is always armed with a gun. After speaking with Trafficker A about a number of male methamphetamine traffickers and other persons, law enforcement showed Trafficker A an image/photograph of an individual from an internet social media page and asked Trafficker A if she recognized the subject. Trafficker A identified the individual as "Griffen". The photograph was of Griffen Ferguson.

8. Law enforcement has reviewed multiple recorded jail telephone calls between Griffen Ferguson and his incarcerated mother (reference ¶5 above) and other person(s). Calls during September and October 2019 revealed Griffen Ferguson acknowledging possessing multiple firearms. During one recorded telephone call that was made during late October 2019, Griffen Ferguson's mother inquired as to how Ferguson was obtaining money. Ferguson responded that he was doing what his mother did (law enforcement believes that Ferguson was letting his mother know that he was selling drugs as Ferguson's mother is a known drug trafficker). During one telephone call with his mother, Ferguson told her that he made 3000 out of 400 (law enforcement believes that Ferguson was letting his mother know that he took $400 in methamphetamine and sold it for $3000 or made a $3000 profit).

9. A review of Griffen Ferguson's criminal history by law enforcement has revealed the following:

   - 2016 arrest in Sullivan County, TN for various charges including possession of methamphetamine for resale (disposition pending).

   - 2016 arrest in Washington County, VA for 2nd degree murder, use of a firearm in commission of a felony, and malicious wounding in relation to the shooting death of a known Sullivan County, TN methamphetamine trafficker. Ferguson subsequently pled guilty to voluntary manslaughter and was released from custody and placed on supervised probation during 2019.

   - Ferguson is a wanted person /fugitive as he failed to appear in court on 09-18-2019 in relation to his 2016 arrest in Sullivan County, TN (listed above). An arrest warrant for Failure to Appear was issued on 09-19-2019.

10. Griffen Ferguson is on probation out of Virginia in relation to his voluntary manslaughter conviction. He is/was being monitored by the Tennessee Department of Corrections (TDOC) Blountville (Sullivan County, TN) Field Office for Probation and Parole as Ferguson claimed he was going to reside in Sullivan County, TN upon his release from custody in Virginia. This affiant recently spoke with a probation officer in the Blountville, TN Probation and Parole office. The probation officer advised that Griffen Ferguson missed his probation office appointments on August 8, 2019 and August 12, 2019 and was not at his listed residence in Sullivan County, TN on August 28, 2019. Further investigation into Ferguson's supervision revealed that on August 28, 2019, a probation officer left a business card with an individual (who claimed she did not know the whereabouts of Ferguson) at Ferguson's claimed address and asked the individual to have Ferguson to contact the probation officer upon Ferguson's return. No contact from Ferguson has been received. This affiant also spoke recently with a supervising probation officer in Washington County, VA, who advised that a capias (to be issued in Virginia) for absconding is being pursued on Ferguson.

11. This affiant is aware based on his training, experience, and conversations with other law enforcement officers that individuals who distribute and/or conspire to distribute methamphetamine typically maintain methamphetamine, methamphetamine distribution paraphernalia (small, plastic, Ziploc-type baggies, digital scales, etc.), notes, records, messages, and telephone numbers (pertaining to methamphetamine trafficking related contacts/co-conspirators/customers), and other items as listed and explained on Attachment B (of the Application and Affidavit for Search Warrant to which this affidavit is attached) on their persons, inside their residences (and the residences/distribution locations they utilize for narcotics trafficking purposes) and related garages, outbuildings/barns, campers, vehicles (or the vehicles they operate), and inside of vehicles registered to other persons when those vehicles are parked at or in the immediate vicinity of the trafficker's/conspirator's residence/property/distribution location.

12. This affiant is aware based on his training, experience, and conversations with other law enforcement officers that persons who distribute and/or conspire to distribute methamphetamine routinely have individuals who are customers and/or co-conspirators present at their residences (and the residences/distribution locations they utilize for narcotics trafficking purposes) and related, garages, outbuildings/barns, and campers. These customers/co-conspirators are typically drug users and drug traffickers themselves as they generally sell some (if not all) of the methamphetamine they purchase in order to make a profit, pay for their own drug habits, or both. These customers/co-conspirators often illegally possess methamphetamine and drug use paraphernalia along with notes, records, messages, and telephone numbers (pertaining to the acquisition/distribution of methamphetamine), and other items as listed and explained on Attachment B (of the Application and Affidavit for Search Warrant to which this affidavit is attached) on their persons and in their vehicles (or the vehicles they operate) which are oftentimes parked at or in the immediate vicinity of their sources'/co-conspirators' residences/properties/distribution locations.

13. Methamphetamine traffickers are regularly found to be methamphetamine users as well. Methamphetamine use routinely causes individuals to act in a paranoid, aggressive, and oftentimes panicked manner thereby presenting a significantly increased level of danger to law enforcement. Methamphetamine traffickers routinely maintain/utilize firearms to protect their methamphetamine, related proceeds, and sales locations, and thus present a significantly increased level of danger to law enforcement. Based upon the above and the information contained within ¶7, ¶8, ¶9, and ¶10, this affiant believes there is reasonable suspicion that knocking and announcing the presence of law enforcement officers at the time of the execution of this search warrant would prove dangerous to the law enforcement officers involved in the execution of the search warrant.

14. Law enforcement has determined through electronic and physical surveillance as well as recorded jail telephone calls that Griffen Ferguson's current known residence is 14390 Heather Drive, Bristol VA.

15. Based upon the facts set forth above, I believe there is probable cause for the issuance of a search warrant for the premises known as 14390 Heather Drive, Bristol, VA (located within the Western District of Virginia) as there is probable cause to believe that there is evidence of a violation of 21 USC 841(a)(1) and 846/841(a)(1) at said premises.

_____  10-28-2019
Brian Snedeker, Special Agent (DEA)    Date

Subscribed and sworn to before me, this the 28th day of October, 2019 in Abingdon, Virginia.

_____
Pamela Meade Sargent
United States Magistrate Judge
Western District of Virginia

Seen by:

/s/ Roy F. Evans          10-28-2019
Roy F. Evans, SAUSA       Date